UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, a Delaware corporation;<br><br>      Plaintiff,<br>vs.<br><br>KEYWAY CORP., an Oregon corporation; and COMMONS AT CEDAR MILL LLC, an Oregon limited liability company;<br><br>      Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## I.    PARTIES

1.     Plaintiff First Mercury Insurance Company, (hereinafter "FMIC"), is an excess and surplus lines foreign insurance company organized under the laws of the State of Delaware with a statutory home office in Delaware and a place of business located in the State of Michigan.

2.     Keyway Corp. (hereinafter "Keyway") is an Oregon corporation with its principal place of business located in the State of Oregon.

3.     Commons at Cedar Mill, LLC (hereinafter "Commons") is an Oregon limited liability company with its principal place of business located in the State of Oregon.  On information and belief, all members of Commons are citizens of the state of Oregon.

## II.    JURISDICTION AND VENUE

COMPLAINT FOR DECLARATORY RELIEF - **1**
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

4.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

5.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves Keyway's claims for insurance coverage stemming from an alleged loss occurring in Washington County, Oregon, and a lawsuit filed in Washington County, Oregon.

## III.     FACTS

### A.     The Underlying Lawsuit

6.      FMIC reasserts paragraphs 1-5 as fully set forth herein.

7.      The Commons at Timber Creek apartment complex is located at 12450 NW Barnes Road, Portland, OR 97229.

8.      The Commons at Timber Creek was originally constructed in/or about 1968.

9.      Remodeling work was performed (hereinafter the "Subject Project").

10.     Keyway was retained as the general contractor for the Subject Project.

11.     On September 11, 2015, Commons filed suit against Keyway Corp., Klindtworth Roofing, Inc. (hereinafter "Klindtworth"), Krank Consulting Inc., (hereinafter "Krank"), and Reiter Design Group Architects, Inc. (hereinafter "Reiter"), in the matter entitled *Commons at Cedar Mill LLC v. Keyway Corp., et al.,* Circuit Court for the County of Washington, Case No. C154229CV (hereinafter the "Underlying Lawsuit").

12.     Commons alleges that significant construction defects were discovered, resulting in property damage.

13.     Commons further alleges these defects have caused and continue to cause ongoing property damage.

COMPLAINT FOR DECLARATORY RELIEF - 2
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

14.     Commons further alleges that the damage was the result of negligent construction defects, negligent design defects, negligent violation of applicable building codes, negligent violations of industry standards, failure to comply with installation instructions, and/or negligent professional design defects performed as part of the work performed by Keyway, Klindtworth, Krank, Reiter and other subcontractors.

15.     The Underlying Lawsuit alleges causes of action against Keyway for negligence and breach of contract.

**C.    The Policies Issued By FMIC To Keyway**

16.     FMIC issued a commercial general liability insurance policy, policy no. FMFL000474, effective February 10, 2005 to February 10, 2006, to Keyway (hereinafter the "2005-2006 Policy"). This policy was subsequently renewed three times with consecutive one-year policy periods ending on February 10, 2009.  These policies include:

17.     Policy no. FMFL001530, effective February 10, 2006  to February 10, 2007 (hereinafter the "2006-2007 Policy");

18.     Policy no. FMFL002496, effective February 10, 2007  to February 10, 2008 (hereinafter the "2007-2008 Policy"); and

19.     Policy no. FMWA000036, effective February 10, 2008  to February 10, 2009 (hereinafter the "2008-2009 Policy");

The policies described above are hereinafter collectively referred to as the "FMIC Policies."

20.     FMIC is aware of another general liability insurance policy issued by Clarendon American Insurance Company (hereinafter "Clarendon") to Keyway, with effective dates of February 10, 2004 to February 10, 2005

COMPLAINT FOR DECLARATORY RELIEF - 3
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

21.     At this time, based upon the limited information provided to date, FMIC understands that this prior Clarendon policy does not apply to the subject claim based on when it appears the project giving rise to the claim began.  However, FMIC has only received limited information regarding the facts of the subject claim.

22.     Keyway is the named insured on all of the FMIC Policies.

23.     The FMIC Policies provide coverage up to limits of $1,000,000 per occurrence and $2,000,000 general aggregate.

24.     With a few exceptions, which will be noted where appropriate below, the FMIC Policies contain the same provisions with respect to the coverages implicated by the claims asserted in the Underlying Lawsuit.

25.     The FMIC Policies contain the following insuring agreement which is potentially implicated by the claims against Keyway  in the Underlying Lawsuit:

**COMMERCIAL   GENERAL   LIABILITY   COVERAGE FORM** [(hereinafter the "CGL coverage form")].

**1.  Insuring Agreement**

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> **(1)** The amount we will pay for damages is limited as described in Section III - Limits - Of Insurance; and

> **(2)** Our right and duty to defend ends when we have used up the applicable limit of Insurance in the payment of

COMPLAINT FOR DECLARATORY RELIEF - 4
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily Injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1**. of Section **II**-Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

COMPLAINT FOR DECLARATORY RELIEF - 5
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

CG 00 01 17 98 (as amended by CG 00 57 09 99)

    26.    The FMIC Policies provide the following definitions which are relevant to the insuring agreement:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.

[…]

**SECTION V – DEFINITIONS**

[…]

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[…]

**17.** "Property damage" means:

   **a.**  physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**18.**  "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

   **a.**  An arbitration proceeding in which such damages are claimed and to which the Insured must submit or does submit with our consent; or

   **b.**  Any other alternative dispute resolution proceeding In which such damages are claimed and to which the insured submits with our consent.

CG 00 01 17 98

27.   The CGL coverage form contains the following exclusions with regard to Coverage A – Bodily Injury and Property Damage:

**2.  Exclusions**

This Insurance does not apply to:

   **a.  Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

[…]

   **b.  Contractual Liability**

COMPLAINT FOR DECLARATORY RELIEF - 7
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"' and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

[…]

**j.  Damage To Property**

"Property damage" to:

[…]

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

COMPLAINT FOR DECLARATORY RELIEF - 8

S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

[...]

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

[...]

**k.  Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.  Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.  Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

COMPLAINT FOR DECLARATORY RELIEF - 9
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your Product";

**(2)** "Your work"; or

**(3)** "Impaired property"'

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

28.    The FMIC Policies contain the following Endorsement regarding Continuous and Progressive Injury and Damage:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**CONTINUOUS OR PROGRESSIVE INJURY AND
DAMAGE EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to any damages because of or related to bodily injury or property damage:

1. which first existed, or alleged to have first existed, prior to the inception date of this policy, or

2. which are, or are alleged to be, in the process of taking place prior to the inception date of this policy, even if the actual or alleged bodily injury or property damage continues during this policy period.

COMPLAINT FOR DECLARATORY RELIEF - 10
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3. which were caused, or are alleged to have been caused, by the same condition or construction defect which resulted in bodily injury or property damage which first existed prior to the inception date of this policy.

We shall have no duty to defend any insured against any loss, claim, suit or other proceeding alleging damages arising out of or related to bodily injury or property damage to which this endorsement applies.

CVX-GL-5066 (05/04)

29. The FMIC Policies contain the following Endorsement regarding Professional Services:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**PROFESSIONAL SERVICES EXCLUSION
ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged, it is agreed that this Amendatory Endorsement is attached to and becomes part of the policy and changes the policy as follows:

The following exclusion is added to paragraph 2. Exclusions of SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

This insurance does not apply to any "bodily injury" or "property damage" arising out of:

(1) the rendering or failure to render professional services by any Insured; or

(2) any act, error, omission, defect or deficiency in any test performed, or any evaluation, consultation, opinion, advice, designs, maps, surveys, reports, specifications given by or on behalf of any Insured; or

COMPLAINT FOR DECLARATORY RELIEF - 11
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

(3) the reporting of or reliance upon any such test performed, or any evaluation, consultation, opinion, advice, designs, maps, surveys, reports, specifications given by or on behalf of any Insured.

Furthermore, the Company shall have no obligation or duty to defend any Insured for any such "suits."

As used herein, professional services shall include, but not be limited to, services provided by the following professions: inspectors, appraisers, surveyors, architects, engineers, consultants, construction managers, pharmacists, doctors, nurses, therapists, optometrists, dentists, all other licensed healthcare providers, hospitals, nursing homes, extended care facilities, blood banks, laboratories, lawyers, accountants, health or exercise clubs, agents and brokers, banks, fiduciaries, planners, computer and computer software design, and electronic data processing or transmission.

FORM CVX-GL-5046 (07/2000)

30.     The 2006-2007 Policy, 2007-2008 Policy, and 2008-2009 Policy contain the following amendatory endorsement regarding professional liability for contractors:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**EXCLUSION - CONTRACTORS - PROFESSIONAL
LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to paragraph 2., Exclusions of COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I -Coverages) and paragraph **2.,** Exclusions of COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY (Section **I-**Coverages):

**1.** This insurance does not apply to "'bodily injury'", "'property damage'", "'personal injury'" or "'advertising injury'" arising out

COMPLAINT FOR DECLARATORY RELIEF - 12
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

**a.** Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

**b.** Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

**2.** Subject to paragraph 3. below, professional services include:

**a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

**b.** Supervisory or inspection activities performed as part of any related architectural or engineering activities.

**3.** Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

CG 22 79 01 96

31.    The 2006-2007 Policy, 2007-2008 Policy, and 2008-2009 Policy contain the following amendatory endorsement regarding operations covered by a consolidated (wrap-up) insurance program:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**EXCLUSION- DESIGNATED OPERATIONS COVERED
BY A CONSOLIDATED (WRAP-UP) INSURANCE
PROGRAM**

This endorsement modifies insurance provided under the following:

COMPLAINT FOR DECLARATORY RELIEF - 13
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Description and Location of Operation(s):**

**Any and all Consolidated Insurance Program (Wrap-Up) locations**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph 2., Exclusions of COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I -Coverages):

This insurance does not apply to '"bodily injury"' or '"property damage"' arising out of either your ongoing operations or operations included within the '"products completed operations hazard"' at the location described in the Schedule of this endorsement, as a consolidated (wrap-up) insurance program has been provided by the prime contractor/project manager or owner of the construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

**(1)** Provides coverage identical to that provided by this Coverage Part;

**(2)** Has limits adequate to cover all claims; or

**(3)** Remains in effect.

CG 21 54 01 96

32.    The FMIC Policies contain the following amendatory endorsement regarding mold, fungi or bacteria:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**EXCLUSION - MOLD, FUNGI OR BACTERIA**

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5544  F: (206) 467-5544

This endorsement modifies Insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

[…]

Notwithstanding anything to the contrary contained In the policy or any endorsement attached thereto, this Insurance does not apply to and shall not respond to any claim, demand or "suit" alleging:

1.  "Bodily Injury," "Property Damage" or "Personal and Advertising Injury" arising out of, In whole or in part, the actual, alleged or threatened discharge, inhalation, ingestion, dispersal, seepage, migration, release, escape or existence of any mold, mildew, bacteria or fungus, or any materials containing them, at any time.

2.  Any loss, cost or expense arising out of any:
    a.  Request, demand, order or statutory or regulatory requirement that any Insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or In any way respond to, or assess the effects of any mold, mildew, bacteria or fungus, or any materials containing them; or

    b.  Claim, demand or "suit" by or on behalf of a governmental authority or any other person or organization for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralize, or In any way responding to, or assessing the effects of any mold, mildew, bacteria or fungus, or any materials containing them.

This exclusion applies to:

1. Our obligation to contribute to, share damages with, repay or Indemnify someone else who must pay damages because of the "Bodily Injury," "Property Damage" or "Personal and Advertising Injury" or pay any loss, cost or expense noted In paragraphs 2a. and 2b. above.

It is the Intent of this endorsement to exclude from this Insurance any claim, demand or "suit" as described above. Therefore, there

shall be no duty or obligation on the part of the Company under this Insurance to respond to, Investigate or defend anyone, Including but not limited to any Insured, its agents, servants or "employees" or any third parties for any such claim, demand or "suit."

CVX-GL-1001A (09/2002)

33. The FMIC Policies contain the following endorsement regarding roofing operations:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ROOFING OPERATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is warranted that:

All "open roofs" will be covered by the insured if the roof is to be left unattended for any period. The insured must take "appropriate" steps to determine the possibility of adverse weather and provide "appropriate" temporary waterproof covering able to withstand the elements usual to the job-site jurisdiction.

The term "open roofs" as used in this endorsement shall include any roof or sections thereof where any protective covering has been removed leaving exposed the wood shell or any section thereof.

The term "appropriate" as used in this endorsement shall mean that conduct or action customarily taken or used by similar roofing contractors in the job-site jurisdiction to protect or prevent damage, or which is customarily done by contractors in the same field under similar circumstances.

The insured will conduct a diligent inspection of any hot tar or heat application work by the insured, immediately preceding the insured's departure from the premises. The insured will have a designated employee complete a signed and dated written report of

COMPLAINT FOR DECLARATORY RELIEF - 16
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

each inspection showing the time of the completion of work and the time of the inspection. Copies of all reports shall be maintained by the insured at the insured's office. "We" can request copies of reports at any time.

The insured will remain at the job-site of any hot tar or heat application job-site for a period of not less than one hour after the hot tar or heat application process has been completed.

The insured will have a designated employee complete a written report stating the time the hot tar or heat application was finished and the time the insured left the job site. The report must be signed and dated the day of the work and a copy maintained at the insured's office. "We" can request copies of reports at any time.

The insured will have at hand a functional, fully charged 15 lb. or larger dry chemical fire extinguisher during any hot tar or heat application process work.

If the insured fails to meet any of the warranty conditions stated above, any resulting Property Damage to any building or structure or its contents will not be covered by this policy.

In the event of a claim involving hot tar or heat application "we" will require that the designated employee complete an affidavit testifying to the warranty conditions stated above.

CVX-GL 5052 (09/04)

34.    The 2005-2006 Policy contained the following endorsement regarding insurance

held by subcontractors:

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE
READ IT CAREFULLY.**

**INDEPENDENT CONTRACTORS**

**OTHER INSURANCE AMENDMENT ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMPLAINT FOR DECLARATORY RELIEF - 17
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to any "claim" arising out of operations performed for you by independent contractors unless such independent contractors have in force at the time of such occurrence insurance of the type described in the schedule below, giving you a certificate of insurance on said policy and the limits of liability for such insurance are equal to or greater than those shown in the schedule below, and will thereafter only be applicable to said claim after the limits described in the schedule below have been tendered and/or exhausted by way of formal offer of settlement or responsiveness to final verdict. The "Other Insurance" Condition 4. is amended accordingly.

### SCHEDULE

TYPE OF POLICY:

LIMITS OF LIABILITY:

GENERAL AGGREGATE LIMIT (Other than Products-Completed Operations) $ 1,000,000

PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT $ 1,000,000

PERSONAL INJURY LIMIT AND ADVERTISING INJURY LIMIT $ 1,000,000

EACH OCCURRENCE LIMIT $ 1,000,000

CVX-0104a(9/91)

35. The FMIC Policies contain the following endorsement regarding exterior insulation and finish systems:

## DESIGNATED WORK EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS

This endorsement modifies the insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

COMPLAINT FOR DECLARATORY RELIEF - 18
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

. . .

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" described as:

1.     The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement, of an "exterior insulation and finish system" (commonly referred to as synthetic stucco) or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulkings or sealants in connection with such a system.

2.     Any work or operation with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used on any part of that structure.

For the purposes of this endorsement, an "exterior insulation and finish system" means an exterior cladding or finish system used on any part of any structure, and consisting of:

(1)     A rigid or semi-rigid insulation board made of expanded polystyrene or other materials, and
(2)     The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate; and
(3)     A reinforced based coat; and
(4)     A finish coat providing texture and color.

. . .

CVX-GL-5000 (07/2000)

36.     The FMIC Policies contain the following pertinent definitions:

9.     "Insured contract" means:

a.     A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

COMPLAINT FOR DECLARATORY RELIEF - 19
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare *or* approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(2)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render

professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

. . .

**16.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent an arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products completed operations are subject to the General Aggregate Limit.

…

20. "Your product" means:

**a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

  **(1)** You;

  **(2)** Others trading under your name; or

  **(3)** A person or organization whose business or assets you have acquired; and

**b.** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

**a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**b.** The providing of or failure to provide warnings or instructions.

Your product does not include vending machines or other property rented to or located for the use of others but not sold.

21. "Your work":

**a.** Work or operations performed by you or on your behalf; and

**b.** Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

    **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    **b.** The providing of or failure to provide warnings or instructions.

CG 00 01 17 98

37.    FMIC reserves the right to assert any other policy language or policy coverage forms that may be potentially applicable to Keyway's claims and the claims asserted in the Underlying Lawsuit.

**D.    <u>Tenders To FMIC</u>**

38.    Commons provided Keyway with a Notice of Construction Defect and Demand for Repair Pursuant to O.R.S. 701.560 et seq. on or about March 31, 2015.

39.    Keyway tendered a claim to FMIC based upon Commons' Notice of Construction Defect on or about August 17, 2015.

40.    FMIC timely acknowledged Keyway's tender on September 3, 2015.

41.    On September 23, 2015, Keyway retendered the claim and provided a copy of Commons' Complaint filed in the Underlying Lawsuit.

42.    On September 30, 2015, FMIC advised Keyway it would defend it against Common's claims in the Underlying Lawsuit subject to a reservation of rights.

43.    FMIC further requested that Keyway provide FMIC with a number of documents related to the Subject Project, including the following:

- Any and all contract documents between Keyway and other parties;

- Information on when Keyway started and finished work at the Project;

COMPLAINT FOR DECLARATORY RELIEF - 23
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

- Notice of completion dates, inspection sign-off documents, and/or certificates and occupancy;

- Advice as to whether any work was done under an OCIP/CCIP wrap related program;

- Copies of any previously received written complaints regarding Keyway's work on the Subject Project;

- An explanation of the nature of the alleged damages related to Keyway's work

- A copy of any defect list/cost of repair; and

- A summary of any corrective work done during or after completion of Keyway's original contract.

44.     Keyway refused to provide such documentation in order to aid FMIC's coverage investigation.

45.     Keyway finally agreed to produce some of the documents, with the unilateral request that that information be used only with respect to the calculation of equitable allocations among the various insurance carriers involved.

46.     Keyway advised FMIC it could not use the information in order to evaluate the extent, if any, of its coverage obligation, precluding FMIC from conducting an analysis of coverage for the claims against Keyway.

47.     On January 17, 2017, FMIC provided Keyway with a supplemental reservation of rights letter that again requested that Keyway provided FMIC with documentation regarding the claim for purposes of FMIC's coverage investigation.

## IV.     THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY AS TO FMIC'S COVERAGE OBLIGATIONS

COMPLAINT FOR DECLARATORY RELIEF - 24
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

48.     FMIC reasserts paragraphs 1-47 as fully set forth herein.

49.     There is no coverage available to Keyway for the claims asserted against it in the Underlying Lawsuit.

50.     The FMIC Policies provide liability coverage for damages because of "property damage" which occurs during the policy period.  The "property damage" must also be caused by an "occurrence." "Property damage" is defined generally as "physical injury to tangible property or loss of use of tangible property that is not physically injured." "Occurrence is defined general as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

51.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit occurred during the policy periods of the FMIC Policies.

52.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was caused by an "occurrence," as that term is defined in the FMIC Policies.

53.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit constituted "physical injury to tangible property or loss of use of tangible property that is not physically injured."

54.     The FMIC Policies do not provide coverage for "property damage" when the insured had knowledge, in whole or in part, of the alleged property damage prior to the start of the policy period.

COMPLAINT FOR DECLARATORY RELIEF - 25
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

55.    There is an actual and justiciable controversy as to whether Keyway had knowledge, in whole or in part, of the alleged "property damage" prior to the start of the policy period.

56.    The FMIC Policies do not provide coverage for "property damage" expected or intended from the standpoint of the insured.

57.    There is an actual and justiciable controversy as to whether Keyway expected or intended the alleged "property damage"

58.    The FMIC Policies do not provide coverage for liability assumed under a contract that does not qualify as an "insured contract."

59.    There is an actual and justiciable controversy as to whether Keyway is liable for the claims alleged in the Underlying Lawsuit based on liability it assumed under a contract that does not qualify as an "insured contract," as that term is defined by the FMIC Policies.

60.    The FMIC Policies do not provide coverage for "property damage" to the particular part of real property in which the insured was operating and arising out of those operations.

61.    There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was to the particular part of real property in which Keyway was operating and arising out of those operations.

62.    The FMIC Policies do not provide coverage for "property damage" to the particular part of any property that must be restored, repaired or replaced because Keyway's work was incorrectly performed on it.

COMPLAINT FOR DECLARATORY RELIEF - 26
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

63.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was to a particular part of property that must be restored, repaired or replaced because Keyway's work was incorrectly performed on it.

64.     The FMIC Policies do not provide coverage for "property damage" to Keyway's "product" arising out of it or any part of it.

65.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was to Keyway's "product" arising out of it or any part of it.

66.     The FMIC Policies do not provide coverage for "property damage" to Keyway's "work" arising out of it or any part of it and included in the "products-completed operations hazard."

67.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was property damage to Keyway's "work" arising out of it or any part of it and included in the "products-completed operations hazard," as those terms are defined by the policies.

68.     The FMIC Policies do not provide coverage for "property damage" to "impaired property" arising out of a defective condition in Keyway's "product" or "work" or a delay or failure by Keyway to perform a contract or agreement in accordance with its terms.

69.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was property damage to "impaired property" arising out of a defective or dangerous condition in Keyway's "product" or "work" or a delay or failure by Keyway to perform a contract or agreement in accordance with its terms.

COMPLAINT FOR DECLARATORY RELIEF - 27
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

70.    The FMIC Policies do not provide coverage for any damages arising from the withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Keyway's "work," Keyway's "product" or "impaired property," if the such product, work or property is withdrawn or recalled from the market or from use because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

71.    There is an actual and justiciable controversy as to whether the damages alleged in the Underlying Lawsuit arose from the withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Keyway's "work," Keyway's "product" or "impaired property," because such product, work or property was withdrawn or recalled from the market or from use due to a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

72.    The FMIC Policies do not provide coverage for "property damage" which has taken place or is in the process of taking place prior to the inception of a policy, even if the actual or alleged "property damage" continues during the policy period.

73.    There is an actual and justiciable controversy as to whether the alleged "property damage" was in the process of taking place or was alleged to have been taking place prior to the policy period.

74.    The FMIC Policies do not provide coverage for "property damage" which was caused or alleged to have been caused by the same condition or construction defect which resulted in "property damage" and which first existed prior to the inception date of the policy.

75.    There is an actual and justiciable controversy as to whether the alleged "property damage" was caused or alleged to have been cause by the same condition or construction defect which also resulted in "property damage" that existed prior to the inception date of the policy.

COMPLAINT FOR DECLARATORY RELIEF - 28

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

76.    The FMIC Policies do not provide coverage for "property damage" arising out of the rendering or failure to render professional services.

77.    There is an actual and justiciable controversy as to whether any alleged "property damage" arose out of professional services.

78.    The FMIC Policies do not provide coverage for "property damage" arising out of any act, error, omission, defect or deficiency in any test performed, or any evaluation, consultation, opinion, advice, designs, maps, surveys, reports, specifications given by or on behalf of any Insured.

79.    There is an actual and justiciable controversy as to whether any alleged "property damage" arose out of any act, error, omission, defect or deficiency in any test performed, or any evaluation, consultation, opinion, advice, designs, maps, surveys, reports, specifications given by or on behalf of Keyway.

80.    The FMIC Policies do not provide coverage for "property damage" arising out of the reporting of or reliance upon any test performed, or any evaluation, consultation, opinion, advice, designs, maps, surveys, reports, specifications given by or on behalf of any Insured.

81.    There is an actual and justiciable controversy as to whether any alleged "property damage" arose out of the reporting of or reliance upon any test performed, or any evaluation, consultation, opinion, advice, designs, maps, surveys, reports, specifications given by or on behalf of Keyway.

82.    The 2006-2007 Policy, the 2007-2008 Policy, and the 2008-2009 Policy do not provide coverage for "property damage" arising out of the rendering or failure to render professional services with respect to providing engineering, architectural or surveying services and hiring independent professionals to do the same.

83.     There is an actual and justiciable controversy as to whether the alleged "property damage" arose out of the rendering or failure to render professional services with respect to providing engineering, architectural or surveying services and hiring independent professionals to do the same.

84.     The FMIC Policies do not provide coverage for "property damage" when a consolidated "wrap-up" insurance program has been provided.

85.     There is an actual and justiciable controversy as to whether a consolidated "wrap-up" insurance program applies to the subject project.

86.     The FMIC Policies do not provide coverage for "property damage" arising out of mold, mildew, bacteria, or fungi.

87.     There is an actual and justiciable controversy as to whether the alleged "property damage" arose out of mold, mildew, bacteria, or fungi.

88.     The FMIC Policies do not provide coverage for "property damage" to any building or structure if the Insured does not meet the conditions with regard to roofing operations set forth therein.

89.     There is an actual and justiciable controversy as to whether Keyway has satisfied all conditions set forth in the FMIC Policies with respect to roofing operations.

90.     The 2005-2006 Policy does not provide coverage for any claim arising out of the Insured's operations performed for the Insured by independent contractors unless such independent contractors have liability insurance as set forth in the Policy.

91.     There is an actual and justiciable controversy as to whether independent contractors performing operations for Keyway had the necessary liability insurance as required by the 2005-2006 Policy.

COMPLAINT FOR DECLARATORY RELIEF - 30
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

92.     The FMIC Policies do not provide coverage for any claim for "property damage" arising out of "your work" including any work or operation with respect to any exterior component, fixture or feature of any structure if any "exterior insulation and finish system" is used on any part of that structure.

93.     There is an actual and justiciable controversy as to whether any alleged "property damage" arose out of work on any exterior component, fixture or feature of any structure where an "exterior insulation and finish system" is used on any part of that structure.

94.     The FMIC Policies contain several provisions regarding the duties of an insured in the event of an occurrence, loss, claim or suit.

95.     There is an actual and justiciable controversy as to whether the defendants have fulfilled their duties under the terms of the FMIC Policies.

96.     Pursuant to the FMIC Policies, to the extent that there is other valid and collectible insurance available for purposes of the claims asserted in the Underlying Lawsuit, the coverage provided under the FMIC Policies may be excess over such other insurance.

97.     To the extent that the FMIC Policies provide coverage, there is an actual and justiciable controversy as to whether the FMIC Policies are excess over other insurance.

98.     FMIC reserves the right to assert any other exclusions or grounds for which coverage for the claims against the defendants may be excluded under the policies of insurance issued by FMIC.

### V.     FIRST CAUSE OF ACTION – DECLARATORY RELIEF
(Against All Defendants)

99.     FMIC reasserts paragraphs 1 - 98 as fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF - 31
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

100.    FMIC is entitled to Declaratory Judgment in its favor, specifically including a judicial determination as to its coverage obligations to the defendants, their agents, employees, or elected officials under the policies of insurance issued by FMIC to Keyway for the claims asserted against Keyway in the Underlying Lawsuit.

## VI.    PRAYER FOR RELIEF

FMIC, having alleged the foregoing, does now, hereby, pray for relief as follows:

1.    For a declaration that FMIC owes no defense obligation to Keyway for any claims asserted in the Underlying Lawsuit.

2.    For a declaration that FMIC owes no indemnity obligation to Keyway for any claims asserted in the Underlying Lawsuit.

3.    For all interest allowed by law.

4.    For attorney fees and costs allowed by statute and law.

5.    For other and further relief as the Court deems just and equitable.

DATED this 18th day of January, 2017.

LETHER & ASSOCIATES, PLLC

*/s/ Thomas Lether*
Thomas Lether, OSB # 101708
*/s/ Eric J. Neal*
Eric J. Neal, OSB # 110268
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
eneal@letherlaw.com
tlether@letherlaw.com
*Attorneys for First Mercury Insurance Company*

COMPLAINT FOR DECLARATORY RELIEF - 32
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

COMPLAINT FOR DECLARATORY RELIEF **- 33**
S:\FILES\Keyway Corp 17003\Pleadings\170117 Complaint for Dec Judgment (final revised).docx

LETHER & ASSOCIATES, PLLC
1848 WESTLAKE AVE N., SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544